# T. G. SAUNDERS v. BOARD OF COUNTY COMMISSIONERS in and for Dunn County, and Paul Ziner, W. L. Beattie, E. J. Pletan, as Members of said Board of County Commissioners.

(146 N. W. 907.)

Stock running at large — districts — creation — county commissioners — exclusive power — vote of people — relates merely to time — question — how submitted — by commissioners — by petition.

Chapter 178 of the Laws of 1913, which provides for the creation of districts in which stock may run at large during certain seasons of the year, vests in the boards of county commissioners of the several counties the exclusive power and the exclusive discretion as to the creation and boundaries of said districts. The portion of the act which relates to a submission to a vote of the people relates merely to the periods of the year during which stock may be permitted to run at large within such districts as may have been designated by the commissioners, and not to the nature and extent of such districts. This question of when stock may run at large may be submitted to the people, either by the commissioners on their own motion or after they have been petitioned to submit the same by one fourth of the electors in any one of the districts previously determined and designated by the board of county commissioners.

Opinion filed April 1, 1914.

Appeal from the District Court of Dunn County, *Crawford*, J.

Application for a writ of mandamus. Judgment for defendants. Plaintiff appeals.

Affirmed.

Statement by BRUCE, J.

This is an appeal from an order and judgment denying a writ of mandamus. The affidavit for the writ was as follows:

T. G. Saunders, being first duly sworn, deposes and says that he is a resident, freeholder, and legal voter in the district hereinafter described in Dunn county, North Dakota, and on or about the 1st day of July, 1913, joined with twenty-nine other legal voters of said district in a petition to the county board within and for the county of Dunn, in the state of North Dakota, said thirty (30) petitioners comprising

more than one fourth of the legal voters polled at the general election last held, therein asking that stock be allowed to run at large from the date of the petition until next general election; that such petition was filed with the county auditor on or about the 1st day of July, 1913; and the district covered by such petition is as follows: Township 147 north of range 96 west; township 148 north of range 96 west; township 146 north of range 97 west; township 147 north of range 97 west; and township 148 north of range 97 west; that such petition was made to in every manner conform with chapter 178 of the Session Laws of North Dakota for 1913; that Dunn county is a duly and regularly organized county of the state of North Dakota, Paul Ziner, W. L. Beattie, and E. J. Pletan are the duly and regularly elected, qualified, and acting county commissioners comprising the board of county commissioners within and for the said county of Dunn; that on the seventh (7) day of July, 1913, the board of county commissioners, within and for the said county of Dunn, met and, among other things, considered the petition above referred to, and then and there refused, and still refuses, to declare by resolution that stock may run at large within the limits of said district, between the dates named in said petition, to the great damage of deponent and the other petitioners who are similarly situated with deponent; that deponent and such other petitioners have no speedy or adequate remedy at law; that this affidavit is made for the purpose of procuring an alternative writ of mandamus compelling the county board of Dunn county, and the members comprising same, the above defendants, to meet and pass a resolution authorizing and allowing stock to run at large within the limits of the above-described district up to the time the result of the votes on such proposition is determined at the next general election; and further enjoining and compelling the said board of county commissioners to submit the question as to whether or not stock may be allowed to run at large in the above-described district at the next general election, or to show cause why the same has not been done before this court at a time and place to be stated in said writ.

On this affidavit or petition an alternative writ of mandamus was granted, but later and on hearing was quashed by the trial court.

*Casey & Burgeson,* of Dickinson, North Dakota, for plaintiff and appellant.

*W. A. Carns* and *Alf O. Nelson,* of Manning, North Dakota, and *F. E. McCurdy,* of Bismarck, North Dakota, for defendants and respondents.

BRUCE, J. (after stating the facts as above). Sections 1933, 1934, 1935, 1936, 1937, and 1938 of the Revised Codes of 1905, which chapter 178 of the Laws of 1913 amended, made it lawful for stock to run at large from the 1st day of December until the 1st day of April. They, however, provided that "the board of county commissioners of any county shall, whenever they deem it advisable, vote upon the question of abolishing the provisions of this article in such county. . . . Whenever the county commissioners shall have voted it is unlawful for stock to run at large, then at the next general election or at any other time this question shall be submitted to a vote of the people, and the order of the board of county commissioners for such election shall be made at least sixty days before such election, . . ."

The act now before us (chapter 178 of the Laws of 1913) makes the running at large at any time unlawful except as provided for in the act. It first provides that the board of county commissioners *shall establish* stock districts, "including all the territory within the county." These districts may comprise a part or the whole of a county, that is to say, the commissioners may divide the county into a number of districts or into one. It then provides that "if one fourth of the electors of *any such* district, as determined by the whole number of votes polled at the general election last held therein, shall file a petition in the office of the county auditor asking that stock be permitted to run at large *between certain dates* specified in such petition, and that the question of permitting stock to run at large in such district between *such dates* be submitted to the voters of *such district* at the next general election, it shall be the duty of the board [of county commissioners], within ten days thereafter, at a regular or special meeting, to declare by resolution that stock may run at large *within the limits of said district* between the dates named in said petition. . . . Said resolution shall state the date of its taking effect, and shall be effective to permit stock to run at large between said dates from and after the date specified in said resolution until said proposition shall have been voted upon by the

electors of said district. *Provided that the board of county commissioners may, at any regular or special meeting, when it is deemed advisable, adopt the resolution herein authorized without being first petitioned so to do."* The act further provides that "whenever it shall have been declared lawful for stock to run at large within a certain district between specified dates, then, at the next general election, but at no other time, said question shall be submitted to a vote of the electors of said district."

It is clear to us that the first thing requisite is the setting apart of the districts. After that is done, but not until it is done, the board of county commissioners may, at their own motion, fix the time in which stock may run at large within the districts determined upon by them, and may submit the question to a vote of the people, or, having first designated the districts, they may wait until one fourth of the electors of any such district specify the dates and ask that the question be submitted.

In the case at bar, it appears that on the 1st day of July, 1913, thirty electors agreed among themselves upon a certain area, and, being one fourth of the whole number of voters therein, petitioned the county commissioners to create said area a district, and to allow stock to run at large therein until the question should be submitted to the voters at the general election. This the commissioners refused to do, and in its place and on the 7th day of July, passed a resolution by which they themselves created a stock district, comprising the whole of Dunn county, and designated that stock might run at large therein from the 1st to the 15th of January.

This action of the board was clearly within the provisions of § 1934 of chapter 178 of the Laws of 1905. The boards of county commissioners have the powers but no other powers than those granted by the act. They have no other duties except those provided for in the act. The creation of the district, whether it should comprise the whole county or a part of the county, was vested by the statute in their sole discretion, and there is no requirement that the nature or extent of the districts shall be submitted to a vote of the people, or shall arise from and be based upon a petition.

The statute nowhere gives to the electors the power to designate the districts or to vote thereon. This is intrusted entirely to the discretion

of the commissioners. All that the statute provides is that *after* a district is designated, then the electors may petition that stock may be allowed to run at large *therein* during certain dates, and that *this question of dates* may be submitted to a vote of the people.

On July 1st no district had been created, and there was therefore no warrant whatever for the petition, and it is therefore quite clear that there was no warrant for the mandamus proceedings. There was, in short, no duty resting upon the commissioners which mandamus could enforce. It is equally clear that the resolution passed by the commissioners on the 7th day of July, 1913, was within the power of such commissioners. The statute provides that the district may be made to comprise the whole county, and it further provides "that the board of county commissioners may at any regular or special meeting, when it is deemed advisable, adopt the resolution herein authorized without being first petitioned so to do." It provides in short that, without a petition, the commissioners shall set aside a district or districts, may designate the time within which stock may be allowed to run at large therein, and may submit the question to a vote of the people.

The judgment of the District Court is affirmed.